UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4709

EDMUND C. JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-349)

Submitted: August 18, 2000

Decided: August 29, 2000

Before LUTTIG and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Paul Gregorio, Goochland, Virginia, for Appellant. Michael Cornell
Wallace, OFFICE OF THE UNITED STATES ATTORNEY, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edmund C. Jackson appeals the district court's order revoking his supervised release and sentencing him to thirty-six months' imprisonment. Jackson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal, but raising two issues: (1) whether Jackson's guilty plea was knowing and voluntary; and (2) whether the district court abused its discretion by departing from the sentencing guidelines. Jackson has been notified of his right to file a pro se supplemental brief but has not done so. The Government elected not to file a responding brief. Finding that the issues raised by counsel are without merit and discerning no other error in the record below, we affirm.

Jackson admitted to several violations of supervised release, including possession of a controlled substance based upon his guilty plea in state court to distribution of cocaine in a school zone. There is nothing in the record to support the finding that Jackson's guilty plea was not knowing and voluntary. We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West 1985 & Supp. 2000). Revocation of supervised release is mandatory if the defendant unlawfully possessed a controlled substance. See 18 U.S.C.A.§ 3583(g). Accordingly, because Jackson pled guilty to distribution of cocaine in a school zone, we find that the district court did not abuse its discretion by revoking Jackson's supervised release.

The district court did not sentence Jackson within the range of twelve to eighteen months' imprisonment suggested by U.S. Sentencing Guidelines Manual § 7B1.4 (1998). Rather, the court sentenced Jackson to the statutory maximum thirty-six month term of imprisonment. See 18 U.S.C.A. § 3583(e)(3). We find that the district court properly sentenced Jackson to the statutory maximum sentence. The sentencing guidelines contained in Chapter 7 are non-binding. See

United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). "[D]istrict courts are required merely to `consider' the Chapter 7 policy statements," which are "and have always been nonbinding, advisory guides to district courts in supervised release revocation proceedings." Id. at 639 n.1, 642.

Pursuant to Anders, we have reviewed the record for reversible error and found none. We therefore affirm the district court's order revoking supervised release and imposing sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED